

BLEAKLEY PLATT & SCHMIDT, LLP
ONE NORTH LEXINGTON AVENUE
WHITE PLAINS, NEW YORK 10601
914.949.2700
FAX: 914.683.6956
BPSLAW.COM

Susan E. Galvão
(914) 287-6193

**MEMO ENDORSED**

May 8, 2020

**Electronic Filing (via ECF)**

Hon. Ona T. Wang, United States Magistrate Judge
United States Courthouse, Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      RE:    *Great American Insurance Company v. Regen, Benz
               & MacKenzie, CPAs PC,* Civ No.: 1:19-cv-02592 (OTW)
               <u>Joint Status Report & Request for Extension of Deadlines</u>

Dear Judge Wang:

      This office represents the defendant, Regen, Benz & MacKenzie, CPAs ("Regen Benz") in the above-referenced action.  As per Your Honor's Orders of April 2, 2020 and March 29, 2020 (ECF Nos. 46 and 45), we write jointly with counsel for plaintiff, Great American Insurance Company ("GAIC"), in order to update the Court as to the status of this case and to request an extension of the deadlines set forth in the Scheduling Order dated March 10, 2020 (ECF No. 44). This matter has been referred to Your Honor, for all purposes, pursuant to the consent filed by counsel and signed by Judge George B. Daniels, U.S.D.J., on March 3, 2020 (ECF No. 43).

**<u>Update Regarding Status of Discovery in this Action</u>**

      As we last reported to Your Honor by joint letter dated March 2, 2020 (ECF No. 42), the parties have completed all fact depositions.  The last deposition was conducted on February 7, 2020, when Regen Benz's counsel deposed Karen Martin, a representative of H.H. Landy Insurance Agency ("Landy"), the company that underwrote the subject professional liability insurance policy at issue in this coverage action. Thereafter, on April 10, 2020, Regen Benz served certain written demands for documents that were requested on the record at the Martin deposition.  Service of those written demands by Regen Benz's counsel was delayed to a degree by the intervening pandemic and resulting office closures and loss of support staff, which affected operations beginning in early March.

      On or about April 24, 2020, Landy's counsel (who also represents GAIC) served written responses and objections to those demands, promising to produce certain responsive documents

Hon. Ona T. Wang, U.S.M.J.
*Great American Ins. Co. v. Regen Benz & MacKenzie, CPAs P.C.*
May 8, 2020
P a g e | **2**

but objecting to production of others. This past week, on April 30, 2020, counsel conducted a productive "meet and confer" session via telephone conference. During that "meet and confer," counsel for both parties agreed on certain parameters for additional production of documents by Landy in the coming week or two. The government-ordered closures of Landy's Massachusetts office and of the law firms' respective New York offices have slowed down the process somewhat, but Landy's counsel indicated that such production will be completed in short order. Barring anything unforeseen, there should not be a need to bring the underlying discovery dispute to the Court's attention for resolution – although we will not know this for certain until such production is completed in the coming days.

It remains for the parties to conduct and complete expert discovery before dispositive motions can be filed. Certain of the documents to be produced by Landy are expected to be material to the expert analysis on behalf of Regen Benz. Now that the parties' discovery dispute regarding the Landy production appears to have been resolved, and documents are to be produced, this issue should not further delay the process, and expert disclosure can proceed.

Nonetheless, in light of the unforeseen and ongoing pandemic conditions, the closure of our respective law offices and parties' offices, and the resulting interruptions in normal business operations for everyone involved, we respectfully request that the Court extend the deadlines for completion of expert disclosure by several more weeks, as set forth more fully below. Likewise, we request that the other deadlines in the March 10 Scheduling Order (ECF No. 44), including the deadline for dispositive motions, be pushed out a corresponding amount of time.[1]

Accordingly, the parties believe there is good cause to extend the discovery schedule, as set forth below:

|  | Current: | Proposed: |
|---|---|---|
| All Fact Discovery Shall Be Completed By | 11/26/19 | N/A |
| All Expert Reports Supporting a Cause of Action or Counterclaim | 5/1//2020 | 6/15/2020 |
| All Expert Rebuttal Reports | 6/1/2020 | 7/13/2020 |
| All Expert Depositions Completed By | 7/1/2020 | 8/14/2020 |
| Dispositive motions are to be served by | 8/17/2020 | 9/21/2020[2] |
| A Post Discovery Status Conference will be held on | 7/1/2020 | 8/12/2020 |
| The Joint Pretrial Order shall be filed no later than |  | 10/22/2020 [3] |

---

[1] GAIC anticipates that it will be filing a motion for summary judgment with respect to the application of the exclusion in the Policy based on Regen Benz's alleged prior knowledge. GAIC believes that expert discovery is necessary for it to bring such a motion. GAIC also intends to bring a motion to dismiss one or more of Regen Benz's affirmative defenses and/or counterclaims, including its causes of action for bad faith and breach of good faith and fair dealing. Similarly, Regen Benz is contemplating a cross motion for summary judgment, *inter alia*, on its counterclaims of breach of contract, breach of good faith and fair dealing, equitable estoppel and waiver, bad faith and declaratory judgment.

[2] Answering papers are to be served within 14 days. Reply papers are to be served within seven (7) days.

[3] In the event a dispositive motion is made, the date for submitting the Joint Pretrial Order shall be changed from that shown herein to three (3) weeks from the decision on the motion. The final pretrial conference shall be adjourned to a date four (4) weeks from the decision on the motion.

Hon. Ona T. Wang, U.S.M.J.
*Great American Ins. Co. v. Regen Benz & MacKenzie, CPAs P.C.*
May 8, 2020
*P a g e* | **3**

A final pretrial conference will be held on a date to be determined by the Court in November 2020. The parties shall be ready for trial within 48 hours' notice, beginning on or after:

|  | Current: | Proposed: |
|---|---|---|
|  | 11/2/2020 | 12/7/2020 |

The parties jointly request that the deadlines be modified as set forth above and a revised scheduling order be entered accordingly. Alternatively, counsel are available for a telephone or video conference to discuss these issues and scheduling in more detail.

We note that the parties have previously requested and been granted extensions of the discovery schedule on several occasions prior to this request. In granting the last request, Your Honor indicated that further requests would not be granted. (ECF No. 44). In light of the intervening pandemic, however, the parties respectfully submit that further extensions are necessary and appropriate.

We thank the Court for its consideration of the issues presented herein.

Respectfully,

Susan E. Galvão

cc: Counsel of Record (via ECF)

> **Application Granted.** Expert discovery completed by 8/14/2020; dispositive motions by 9/21/2020. The July 7, 2020 status conference is converted to a status letter on that date. The letter should advise the Court about the instant case as well as the pending state court action. The Clerk of Court is directed to close ECF 47. **SO ORDERED.**
>
> **Ona T. Wang 5/12/2020**
> **U.S.M.J.**